OPINION OF THE COURT
Israel Rubin, J.
Pursuant to section 218 of the Judiciary Law and section 131.5 of the Uniform Rules for Trial Courts (22 NYCRR), defendant in a small claims action (Howie v Rayvis, SCNY, 12115/87) seeks review of an order of the Judge presiding in the Small Claims Part granting the application of Whole Life *39 Magazine to take still photographs during the proceedings (order dated Jan. 27, 1988, Cohen, J.).
The underlying action arises out of the so-called "Airplane Game” pyramid scheme. Defendant raises two basic objections to media coverage of her trial: (1) a small claims action "is not the type of proceeding of which the public needs to be made aware, not the type the lawmakers intended,” and (2) "Small Claims proceedings do not employ the same judicial safeguards to protect defendants from what might otherwise be a nonjusticiable claim * * * Therefore, the risk of prejudice to the parties (defendant) by the use of inflammatory or otherwise inadmissable [sic] evidence is greatly increased by the presence of audio-visual coverage of the proceedings, especially here, where the allegations concern criminal activity of a particularly scandalous nature.”
The trial court determined that this action involves "common law fraud and/or statutorily prohibited conduct and does not involve children or a matrimonial dispute or matters of a sexual, prurient, salacious or degrading nature. Under those circumstances, even if the applicant is a publication of advocate journalism and has hostilely referred to defendant in publications, such grounds are insufficient to deny use of a still SLR camera”.
This office agrees with the trial court that the concerns voiced by defendant do not constitute a sufficient basis to bar photographic coverage of this proceeding. The rationale behind the legislative initiative to permit cameras in the courtroom on an experimental basis is the promotion of public understanding of the judicial process. Defendant’s protestations to the contrary notwithstanding, small claims is an entirely appropriate area in which to enhance public understanding of the judicial system. In fact, because so few small claims cases are officially reported and because few practitioners ever appear in this predominantly pro se forum and therefore cannot offer advice on its practice and procedures, there is a greater need for public education in this area of litigation than in many others.
Nor do the attempts of the entertainment networks to portray the adjudication of relatively minor legal disputes provide an adequate substitute for the opportunity to observe the operation of the Small Claims Part from reports of its proceedings. Defendant’s concern that the relaxation of evidentiary standards and legal formalities might lead to the *40 introduction of inflammatory and prejudicial material has not been the experience in practice. The trial court retains all of the powers of the Civil Court to enforce order, including contempt, and may be relied upon to maintain appropriate decorum.
Defendant’s assertion that this case involves allegations of criminal conduct "of a particularly scandalous nature” is no more than hyperbole. There is nothing particularly scandalous about participation in a chain mail or Ponzi scheme, nor is the element of criminality a significant consideration. Clearly if criminal trials are subject to audio-visual coverage, a fortiori, so are civil trials which may involve some degree of criminal conduct. That defendant does not feel comfortable with press coverage of the trial is of no moment because, as the Uniform Rules for Trial Courts make clear, her consent is not required (22 NYCRR 131.4 [b]). This office must therefore agree with the finding of the trial court that the nature of the proceeding is not such that media coverage would interfere with the fair administration of justice or operate to the prejudice of any party (22 NYCRR 131.4; Matter of People v Chambers, NYLJ, Jan. 4, 1988, at 6, col 4).
There are, however, some legitimate concerns surrounding media coverage of cases heard in the Small Claims Part which have not been raised upon this application. The first goes to the very purpose of the small claims forum which, the Civil Court Act states, "shall constitute a simple, informal and inexpensive procedure for the prompt determination of such claims in accordance with the rules and principles of substantive law” (CCA 1802). The philosophy behind the small claims article is that unnecessary formality and nonessential procedures should be abandoned in order to achieve a prompt resolution of the dispute. From this perspective, the rules for determining whether audio-visual coverage should be allowed introduce unwelcome complexity and delay into what is intended to be both an uncomplicated and expeditious judicial forum. The amount of time consumed by these proceedings will far exceed the time required to try the case. In addition, the trial in this matter has been delayed for two months so that the trial court could hold the necessary hearing and render a written determination (22 NYCRR 131.4) and so that the parties would have the opportunity to seek this review of its decision (22 NYCRR 131.5). If this were not enough, Whole Life Magazine has submitted applications to conduct audio *41 visual coverage of at least eight additional Small Claims Part proceedings involving the same pyramid scheme.
Aside from the inherent contradiction between the desire to inform the public about the operation of the judicial system and the mandate of the Small Claims Part to expedite and simplify the hearing of disputes, there is another, more fundamental consideration. Small Claims is the people’s court, allowing the layperson to participate directly in the judicial process without the necessity of counsel (see, Small Claims Court’s 50 Years — History of a U.S. Role Model, NYLJ, Nov. 26, 1984, at 1, col 3). Utilizing the determined efforts of both volunteer arbitrators as well as Civil Court Judges, the Part is currently operating at near capacity with approximately 60,000 cases filed every year. Whether the presence of photographers and camera crews, especially in the confined quarters used for hearing small claims cases, will prove unduly distracting to pro se litigants attempting to present their cases is a concern which will require close monitoring. So will the effect of media application for photographic coverage on the expeditious processing of cases.
In any event, it would seem prudent to impose some limitation pursuant to the rules (22 NYCRR 131.4 [e]) on the taking of photographs in order to minimize the distraction to the litigants. Accordingly, the order dated January 27, 1988 is modified to the extent of limiting Whole Life Magazine to the taking of three photographs during the course of the hearing.